UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY | * * * | CIVIL ACTION NO. 2:23-cv-00673 |
| VERSUS | * * | JUDGE JANE TRICHE MILAZZO |
| CASHMAN EQUIPMENT CORP., SERVICIO MARINA SUPERIOR, LLC, and CHM MARITIME SAPI DE C.V. | * * * | MAG. JUDGE JANIS VAN MEERVELD |

* * * * * * * * * * * * * * * * *

**MOTION FOR LEAVE TO FILE COURT-ORDERED [R. DOC. 14]
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Starr Indemnity & Liability Company ("Starr"), in compliance with the Court's order for Starr to file an Amended Complaint establishing the citizenship of Servicio Marina Superior, LLC ("Servicio") for purposes of diversity jurisdiction, moves for leave (which the Court has granted [R. Doc. 14 at p.3]) to file the attached First Amended Complaint for Declaratory Judgment.

In its original Complaint, Starr invoked this Court's admiralty jurisdiction, 28 U.S.C.A. §1333, and designated the case as such under Rule 9(h) of the Federal Rules of Civil Procedure. [R. Doc. 1 at p. 3]. This court has admiralty jurisdiction because the case involves a marine insurance policy [R. Doc. 1-2], which falls within the Court's admiralty jurisdiction. See, *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 338 U.S. 310, 313 (1955); *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 887, fn.2 (5th Cir 1991).

In its Complaint, Starr pled diversity jurisdiction in the alternative. [R.Doc. 1 at p. 4]. The Court ordered Starr to plead facts regarding the citizenship of the members of Servicio. Additional research revealed that the two members of Servicio are (1) defendant, Cashman Equipment Corp., and (2) The James M. Cashman Insurance Trust a/k/a The Cashley Trust. The citizenship of

Cashman is straightforward has already been already pled.  However, the citizenship of a trust is more complicated and, depending on the type of trust, focuses on the citizenship of the trustee(s) or the beneficiary(ies), or both.  Starr has no reason to believe that the citizenship of the trustee or the beneficiaries would destroy diversity jurisdiction, but obviously has no independent access to information about the private trust to confirm its belief.  Starr would have to conduct discovery on the issue, which would likely be contested.  At the very least, the discovery would require more time.

Because the Court has admiralty jurisdiction, there is no need for an alternate basis of jurisdiction or to conduct discovery to prove an alternate basis of jurisdiction.  Accordingly, Starr has removed diversity as an alternate basis of jurisdiction and seeks leave to file the attached First Amended Complaint based upon the Court's admiralty jurisdiction alone.

    Respectfully Submitted,

    WAGNER, BAGOT & RAYER, LLP

      /s/ Thomas A. Rayer, Jr.
    _____
    THOMAS A. RAYER, JR. (#20581)
    MICHAEL H. BAGOT, JR. (#2665)
    CHRISTIAN J. ST. MARTIN (#38900)
    601 Poydras Street, Suite 1660
    New Orleans, LA 70130
    Telephone: (504) 525-2141
    Facsimile:  (504) 523-1587
    E-mail:   trayer@wb-lalaw.com
                mbagot@wb-lalaw.com
                cstmartin@wb-lalaw.com
    **Attorneys for Starr Indemnity & Liability Company**

G:\653-67\FW\PLDG\0019